IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **LABORERS' PENSION FUND and LABORERS' WELFARE FUND of the HEALTH AND WELFARE DEPARTMENT of the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds,** Plaintiffs, v. **HALTZ CONSTRUCTION, INC.,** Defendant. | Case No. 10 C 7943<br><br>Judge Marovich |

**PLAINTIFFS' FOR ENTRY OF JUDGMENT**

Plaintiffs, the Laborers' Pension and Welfare Funds, by their attorneys, respectfully request this Court enter judgment consistent with the Settlement Agreement and the Stipulation to Dismiss. In support of this motion plaintiffs state as follows:

1. This Court has jurisdiction to enter judgment against defendant, Haltz Construction on behalf of the plaintiffs and against Michael Selvaggio. This litigation was resolved on November 15, 2011, when the parties filed a joint Stipulation to Dismiss, retaining jurisdiction for the purposes of enforcing a Settlement Agreement and Release through December 31, 2013. (Exhibit 1). To date, the docket reflects that this matter has not yet been dismissed. In any event, the Stipulation between the parties permits the Funds to enter judgment and as more fully discussed below add President Michael Selvaggio.

2. On or about November 7, 2011, the parties entered into a Settlement Agreement and Release which provided for payment of contributions to the Funds by Haltz Construction, Inc.

("Haltz"). A copy of the Settlement Agreement and Release, the Installment Note and a Guaranty of Payment and Indemnification is attached hereto as Exhibit 2 a-c. Based on the failure of the Company to abide by the monthly payment scheduled under the Settlement Agreement and Installment Note, the Funds are bringing this motion under the acceleration clause as provided by the Settlement Agreement, paragraph 4.

3. In paragraphs 4 and 5 of the Settlement Agreement (Exhibit 2-a), the parties agreed that in the event that Haltz fails to pay accelerate all remaining amounts owed on the note and seek judgment not only against the Company but also against Company President, Michael Selvaggio, personally.

4. Plaintiffs are seeking judgment against Haltz and Selvaggio for an amount certain based on the Company's failure to make timely payments under the Settlement Agreement and Installment Note. According to the Settlement Agreement, paragraph 4, upon default the Funds are entitled to declare the total amounts due under the Installment Note due and payable, and the Funds are entitled to adding Michael Selvaggio as a defendant for the purpose of entering judgment against him personally. (Exhibit 2-a). According to the Director of the Field Department and Fund representative assigned to the Haltz account, Jean Mashos, Haltz failed to pay monthly note payments for April 2013 through the present. (See, Exhibit 3.). Ms. Mashos testifies that the Funds are owed a balance of $9,088.15 for contributions that were disclosed by an audit covering the period from April 23, 2010 through December 31, 2010.

5. Plaintiffs will send notice of this motion to defendant at the law offices of Azulay Seiden Law Group, 205 North Michigan Avenue, 40th Floor, Chicago, Illinois 60601, as required by the Settlement Agreement paragraph 4, in addition to Michael Selvaggio at two addresses.

6.     The Settlement Agreement provides in paragraph 5 that judgment will be entered for all unpaid amounts due plus reasonable attorneys' fees incurred by the Funds in their efforts to obtain compliance with this Settlement Agreement.  An affidavit of counsel Karen I. Engelhardt provides that attorneys' fees and costs for preparing this motion are $820.00.  (Exhibit 4).

7.      Plaintiffs submit that a motion to enforce was brought before this Court in October 2012, resulting in a new lawsuit for unpaid contributions which was resolved thereafter.  This matter involves amounts owed that were included in the complaint filed in this cause.

Wherefore, plaintiffs request this Court to enter judgment in the amount of $10,728.15, which consists of the balance owed for amounts due to the Funds through an Installment Note as identified in a Settlement Agreement, plus attorneys' fees and costs.  This Court should also order judgment against Michael Selvaggio, personally.

        Respectfully submitted,

          /s/ Karen I. Engelhardt
        One of plaintiffs' attorneys

Wesley Kennedy
Karen I. Engelhardt
Allison, Slutsky & Kennedy, P.C.,
230 West Monroe Street, Suite 2600
Chicago, IL 60606
(312) 364-9400

June 26, 2013