UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND of the HEALTH AND WELFARE DEPARTMENT of the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, and JAMES S. JORGENSEN, Administrator of the Funds, | ) ) ) ) ) ) ) ) | 10 C 7943 Judge George M. Marovich |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| HALTZ CONSTRUCTION, INC., | ) ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs' motion [30] for entry of judgment is denied for want of jurisdiction. The hearing on July 23, 2013 is stricken.

## STATEMENT

On November 15, 2011, the parties to this ERISA contribution case filed a Stipulation of Dismissal, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). In their Stipulation of Dismissal, the parties stated that they "agree to dismiss this action pursuant to a signed Settlement Agreement and Release." (Docket entry 24). They also stated that they "request that the Court retain jurisdiction to enforce the terms of the Settlement Agreement and Release."

About ten months later, in September 2012, the plaintiffs filed a motion to reinstate the case. At the time, plaintiffs argued that the defendant had violated terms of the settlement agreement. The Court denied the motion in open court, because the Court lacked jurisdiction to grant the requested relief.

Plaintiffs have now filed a motion for entry of judgment. Once again, they seek this Court's assistance in enforcing their settlement agreement. Plaintiffs state that this "Court has jurisdiction to enter judgment against defendant," but they do not explain the basis for that legal conclusion or cite a single case, rule or statute that supports their conclusion.

Because the Court never entered a dismissal order, plaintiffs seem to think that the original case is still pending. The Court disagrees. The case ended when the parties filed their stipulation of dismissal, which, by definition, constitutes a dismissal "without court order."

Fed.R.Civ.P. 41(a)(1)(A). Once a stipulation of dismissal under Rule 41(a)(1) is filed, the case is over, and any subsequent court order dismissing the case is void. *Smith v. Potter*, 513 F.3d 781, 782 (7th Cir. 2008) ("[The stipulation of dismissal] itself effected the dismissal of the suit; the case was gone; no action remained for the district judge to take. Since there was no longer a case pending before him, and since a federal judge's authority to issue orders depends (with immaterial exceptions) on the existence of a case, his order was void."); *see also Nelson v. Napolitano*, 657 F.3d 586, 587 (7th Cir. 2011) (The filing of a voluntary dismissal "effected the immediate dismissal of the suit. No action remained for the district court to take. The court's subsequent order purporting to dismiss the case was therefore void and had no legal effect.") (internal citations omitted).

Plaintiffs may believe the Court has jurisdiction, because *they* stated in their stipulation of dismissal that the Court should retain jurisdiction to enforce the settlement. Parties, however, are not at liberty to opt into a federal court's jurisdiction. *Mitchell v. Maurer*, 293 U.S. 237, 244 (1934) ("[L]ack of federal jurisdiction cannot be waived or be overcome by an agreement of the parties.").

The plaintiffs have not met their burden of establishing that this Court has jurisdiction. Accordingly, the motion is denied.


ENTER: _____
George M. Marovich
United States District Judge

DATED: July 17, 2013